THOMAS M. HOIDAL
Law Office of Thomas M. Hoidal, P.L.C.
7227 N. 16th St., Suite 222
Phoenix, AZ  85020-5257
thoidal@hoidallawoffice.com
State Bar No. 007194
Telephone: (602) 254-0202
Facsimile:  (602) 254-0404

Attorney for Defendant JOHNSON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br>v.<br>Timothy Russell Johnson,<br><br>    Defendant. | Case No.  **CR10-00379-001-PHX-SRB**<br><br>**DEFENDANT JOHNSON'S REQUESTED VOIR DIRE** |

  In order to insure adequate voir dire and the proper exercise of peremptory challenges and challenges for cause under Rule 18.5, Arizona Rules of Criminal Procedure, Timothy Russell Johnson, defendant, by and through his counsel, Thomas M. Hoidal, respectfully requests that this court ask the following voir dire questions of prospective jurors in addition to the standard jury voir dire

  1. Have you ever studied law or worked in a lawyer's office or as an agent of a lawyer or in a business that has close contact with the law?

  2. Have you, or has anyone close to you, had any dealings with the United States Attorney's Office either in this district or another district?

  3. Do you know any of the lawyer's in this case or have you had any dealings with them?

  4. Have any of you, or has anyone close to you, been connected with a police department, or state or federal investigative agency in any way--for example, whether as an officer or agent or secretary or consultant?

5.     Have you, or has anyone close to you, ever served as a reserve police officer or been in a police or sheriff's auxiliary?

6.     Have you, or has any close to you, ever been a victim of a crime? If yes, please tell us the nature of the crime, when it occurred and what the final outcome of the investigation was. If there was any reason why you would wish privacy in responding to this question, please raise your hand and we can discuss this at the bench.

7.     Do you know anyone else on this panel -- do you have any contact at all with any of them either as friends, neighbors, church members, co-workers or relatives?

8.     Have you read about the case in the newspaper or heard anything about this case on radio or television? If yes, what did you learn?

9.     Do you have any pressing business or is there anything pressing in your personal life that might cause you to wish to expedite the process of decision making in the jury room or prevent you from giving your full attention to this trial? If yes, please explain.

10.    Have you or any of your family members or close acquaintances ever served in any branch of the armed forces of the United States (including the military reserve or the ROTC)? If yes, please tell us (a) name of person and relationship to you; which branch? date(s) of serve; (b) have you ever (or the family member or acquaintance listed above) ever served on court martial proceedings? If yes, please state: name of person and relationship to you; how many times served on court martial proceedings? In what capacity(s)? Approximate dates of court martial service.

11.    Please state any civic, political, social, or charitable organizations that you or your family members belong to.

12.    Do you volunteer your time to any activities?

13.    What do you like to do in your spare time (hobbies, sports, leisure, etc.)?

14.    Do you have any bumper stickers or personalized license plate holders on your car(s)? If yes, please describe them.

15. Have you ever had any experience as a juror before? If yes, how many times? Were they criminal or civil cases? When? Briefly state the nature of the case(s) involved. Was the case submitted to a jury? Did you participate in the deliberations? Did the jury reach a verdict? Were you ever a foreperson on any of those jury panels?

16. Is there any member of the jury panel who has had prior jury experience and after the conclusion of the trial, spoken to the prosecutor about the case?

17. Have you ever served on a federal or local grand jury? If so, please state the nature of jury as well as and when you served.

18. How do you feel about serving on jury duty at this particular time?

19. Have you or any member of your family, or any of your close friends ever been employed by or sought employment with:

    (a) any City, County, Federal or State prosecutorial agency (County Attorney's office or Attorney General's office);

    (b) any City, County, Federal or State law enforcement agency (police department, sheriff's department, state department of public safety, FBI, etc.);

    (c) any City, County, Federal or State correctional institution; any criminal defense office (e.g., criminal defense law firm, Public Defender's office, etc.);

    (d) the Judiciary (e.g., U.S. courts, State courts, etc.).

If you answered yes to any of the above questions, please give details. Who? When? What agency and in what capacity?

20. In this case there may be testimony from law enforcement officers including the Bureau of Alcohol, Tobacco and Firearms. Would any of you give greater weight to the testimony of a law enforcement officer over that of another witness?

21. Are you, any of your family, or close friends members of any group or organization whose major purpose is crime prevention or influencing political bodies to pass crime prevention legislation? If yes, please answer the following questions: name

of person and relationship to you; name of group or organization; degree of participation (dues payer only, attends meetings, active worker, etc.).

22. Is there a crime prevention group in your neighborhood? If so, do you participate in it?

23. How many of you have had personal experience with guns? How many of you have fired a gun? For what purpose was the gun shot? How do you feel about guns? Would you ever want to shoot a gun?

24. Have you, or has anyone close to you, ever owned any firearms? What types of firearms? For what purpose? Are there guns in your home? Where did you purchase the guns?

25. Do you, or does anyone close to you, belong to any organization that has as its main goal restricting or promoting the possession of weapons? (e.g., NRA, Brady Campaign, etc.) Please state the name of the organization and describe your involvement.

26. Please state if you disagree with any of the following statements: (1) A defendant is considered innocent throughout trial; (2) The prosecution has the burden to prove to you beyond a reasonable doubt that the accused is guilty of the crimes charged. If the prosecution fails to prove the charges in the complaint beyond a reasonable doubt, you must find the defendant not guilty; and (3) The fact that a person has been charged with having committed a crime does not mean that he has actually committed a crime and no negative inference may be drawn from the fact that he was charged.

27. If at the end of all the evidence you have a reasonable doubt as to a defendant's guilt of any of the crimes charged in the indictment, even though you may suspect that he is guilty, would you still be able to return a verdict of not guilty?

28. Do any of you have any reservations with the proposition that you are enforcing law just as vigorously by finding a defendant not guilty if there is a reasonable doubt as to his guilt of the crime charged as you are by finding a defendant guilty when the evidence shows his guilt beyond a reasonable doubt?

29. If you came to the conclusion that the prosecution had not proven the guilt of a defendant to a charge beyond a reasonable doubt and you found that the majority of the jurors believed that the defendant was guilty, would you change your verdict simply because you were in the minority?

30. If you are selected as a juror in this case, you will, at the end of the case, be called upon to judge the guilt or innocence of another person, the defendant in this case. If you found yourself in the defendant's place, would you be willing to be tried by a jury of 12 persons in the same frame of mind in which you find yourself now?

RESPECTFULLY SUBMITTED this __4th__ day of January, 2011.

                                                    Law Office of Thomas M. Hoidal, P.L.C.

                                                    s/ Thomas M. Hoidal
                                                    THOMAS M. HOIDAL
                                                    Attorney for Defendant JOHNSON

I hereby certify that on ___January 4, 2011___, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal to the following ECF registrants:

    Tracy Lyn Van Buskirk        tracy.van.buskirk@usdoj.gov

    David Lee Titterington        Lee_Titterington@fd.org

A copy of the foregoing
mailed this same date to:

    Timothy Johnson
    *Defendant*

s/ Thomas M. Hoidal